# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANDREW GRIMM,

    *Plaintiff-Appellant*,

v.

CITY OF PORTLAND,

    *Defendant-Appellee*.

Civil Appeal No. 23-35235

## MOTION TO FILE REPLY BRIEF OUT OF TIME

Pursuant to Rules 2 and 26(b) of the Federal Rules of Appellate Procedure, Appellant Andrew Grimm, through counsel, hereby moves and respectfully requests that the Court accept for filing the attached Reply Brief out of time. Appellant's Reply Brief was filed **1 minute and 46 seconds late** after the due date of August 7, 2024.

As the notice-of-docket-activity email generated by ECF shows, the Reply Brief was submitted shortly after midnight. Keenan Decl. ¶ 1 Ex. A at 1 ("The following transaction was entered on 08/08/2024 at **12:01:46** AM Pacific Daylight Time and filed on 08/08/2024"). Mr. Grimm, through counsel, respectfully requests that the Court nonetheless accept for filing the attached Reply Brief as part of the appeal. Indeed, Appellate Rule 26(b) authorizes the Court to accept the brief for good cause.

1

Specifically, Rule 26(b) states that "[f]or good cause, the [C]ourt may extend the time prescribed by these rules or by its order to perform any act, *or may permit an act to be done after that time expires*." Fed. R. App. P. 26(b) (emphasis added); see Fed. R. App. P. 2 ("good cause"). With exceptions for jurisdictional deadlines not relevant here, Rule 26(b) "generally authorizes extensions of time"—even *post hoc* extensions after the deadline has passed. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 715 (2019).

The decisions of this Court that do discuss a request to file a brief out of time appear to grant them with some frequency. E.g., Mahmood Yoonessi v. Khansari, 694 F. App'x 522, 523 (9th Cir. 2017) ("Yoonesi's motion for leave to file a late reply brief (Docket Entry No. 39) is granted. The Clerk shall file the reply brief[.]"); Olivier v. Baca, 2019 U.S. App. LEXIS 1072, *1 (9th Cir. 2019) ("Appellant's motion for leave to file a late reply brief is granted and the reply brief is ordered filed."); Escobar-Echeverria v. Whitaker, 2018 U.S. App. LEXIS 33551, *2 (9th Cir. 2018) ("Escobar-Echeverria's motion to file a late brief is granted. The Clerk shall file the opening brief[.]"); Guillen-Estrada v. Whitaker, 747 F. App'x 554, 555 (9th Cir. 2018) ("Guillen-Estrada's motion to file a late reply brief is granted."); Lopez v. Garcia Apts., LLC, 2018 U.S. App. LEXIS 484, *1 (9th Cir. 2018) ("Appellant's Motion to File Late Reply Brief is GRANTED."); Dixon v. Yates, 520 F. App'x 574, 575 (9th Cir. 2013) ("Dixon's motion to accept the late filed reply brief is

granted. The Clerk shall file the reply brief[.]"); Cagney v. Smith, 466 Fed. Appx. 674, 675 (9th Cir. 2012) ("Cagney's motion to file a late reply brief is granted."); Smith v. California, 350 F. App'x 178, 180 (9th Cir. 2009) ("Smith's motion to file a late reply brief is granted. The Clerk shall file the reply brief received on September 24, 2009."); Drumgoole v. Am. Airlines, Inc., 316 F. App'x 606, 607-608 (9th Cir. 2009) ("Drumgoole's motion to file a late Reply Brief is granted, and we instruct the clerk to file the Reply Brief[.]"); Tellez-Muro v. Barr, 2020 U.S. App. LEXIS 15095, *1 (9th Cir. 2020) ("Petitioner's motion (included in Docket Entry No. 12) for leave to file the opening brief late is granted. The Clerk will file the opening brief[.]"); Brown v. Countrywide Home Loans, Inc., 2021 U.S. App. LEXIS 16897, *2 (9th Cir. 2021) ("Appellant's motion for leave to file a late opening brief (Docket Entry No. 14) is granted. The Clerk shall file the opening brief[.]").

***Good Cause***: Several factors demonstrate good cause to file Appellant Grimm's reply brief out of time. See Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) ("'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts.").

1. *Length of Delay*: Grimm's appellate counsel filed the reply brief 1 minute and 46 seconds after the deadline. It is respectfully submitted that the length of the delay is minimal. Moreover, any potential impact on the proceedings also appears to be minimal. The reply brief was due on August 7, 2024. Oral

3

argument in this case has been set for October 21, 2024 before this Honorable Court. The delay caused by a reply brief submitted one minute late, more than two (2) months in advance of oral argument is minimal.

2. <u>Lack of Prejudice</u>: The possibility of any prejudice caused by this one-minute delay is exceedingly remote. Indeed, Portland City Attorney Elsa Haag, via attorney conferral had indicated that the City did not oppose an extension of time to file the reply brief up to and including August 23rd. As such, a reply brief that was filed one minute out of time on August 8, 2024, is exceedingly unlikely to cause any prejudice here.

3. *<u>Good-Faith Diligence</u>*: As shown in the brief that was tendered out of time, Grimm's appellate counsel was diligently attempting in good faith to complete the brief on time. Indeed, despite recovering from a recent COVID illness, despite having a backlog of work from this disruptive illness, and despite competing demands (including 2 other appellate briefs before the Ninth Circuit that same week), Appellant's counsel worked diligently around the clock, including through weekends and after traditional business hours in a good-faith effort to prepare a reply brief pursuant to the Court's deadline on August 7. Despite best efforts, the reply brief was submitted a minute late. Keenan Decl. ¶ 2-3.

*4* . <u>Good-Faith Behavior</u>: Grimm's appellate counsel has never opposed an extension request or the like by any opposing counsel in any forum—and regularly offers more time than is requested. Keenan Decl. ¶ 5.

\* \* \* \* \*

In sum, counsel did his level-best to get the brief in on time but filed the brief one minute late. There is no known prejudice from this submission shortly after midnight. Keenan Decl. ¶ 3-4.

Moreover, Appellant's counsel believes that the Reply Brief will help in the determination of the appeal, which has been set for oral argument. <u>See</u> <u>United States v. Thrower</u>, 584 F.3d 70, 72 n.1 (2d Cir. 2009) (accepting reply brief received 17 days after oral argument); <u>Rankin v. Pearson</u>, 612 F. App'x 204, 205 (5th Cir. 2015) (accepting late-filed reply brief); <u>Miller v. Am. Int'l Group, Inc.</u>, 125 F. App'x 578, 579 (5th Cir. 2005) (granting "unopposed motion for leave to file an-out-of-time reply brief"); <u>Harris v. Leder</u>, 519 F. App'x 590, 597 (11th Cir. 2013) (construing late-filed *pro se* reply brief as motion to file out of time and granting it).

For the foregoing reasons, Appellant Grimm respectfully requests that, for good cause shown, he be granted leave to submit his attached Reply Brief out of time.

5

Date: August 14, 2024  Respectfully submitted,

*/s/ Gregory Keenan*
Gregory Keenan
DIGITAL JUSTICE FOUNDATION
81 Stewart Street
Floral Park, NY 11001
(516) 633-2633
Gregory@DigitalJusticeFoundation.org

*Attorney for Appellant*

## DECLARATION OF COUNSEL

I, Gregory Keenan, appellate counsel for Appellant Andrew Grimm, hereby declare and attest to the following in support of the above motion to accept Mr. Grimm's Reply Brief out of time, pursuant to Appellate Rules 2 and 26(b):

**(1)** *Time of Filing*: I have attached to this Declaration as **Exhibit A** a true and correct copy of the Notice of Docket Activity email received from the appellate CM/ECF system. This Exhibit indicates that the Reply Brief was filed one minute and forty-six seconds out of time: "The following transaction was entered on 08/08/2024 at 12:01:46 AM Pacific Daylight Time and filed on 08/08/2024".

**(2)** *Unexpected Demands*: I am a nonprofit lawyer and I feel vocationally obligated to serve clients who my research indicates have meritorious claims and issues, regardless of their ability to pay to the extent that I am able. In the recent time period, I have had extraordinary and unexpected demands upon my time. In the weeks leading up to the reply brief deadline I had multiple jurisdictional Supreme Court cert petitions due. In the week that this reply brief was due, I had three appellate briefs due to this Honorable Court (one on Monday, one on Wednesday, and one of Friday that week). Moreover, I had been recovering from a recent COVID-19 illness that had proven highly disruptive and had caused a significant backlog of work. Given that I work at a very small non-profit, there were no other attorneys or support staff available to assist in these matters.

(3) *Diligence of Counsel*: I sincerely believe that I worked diligently on the appeal to the extent that I could within the timeframe that we had. I worked diligently, including through weekends and after traditional business hours, in a good-faith effort to prepare a reply brief pursuant to the Court's deadline on August 7. Despite my best efforts, the reply brief was submitted a minute late.

(4) *Lack of Prejudice*: On Wednesday July 24, 2024, I emailed City Attorney Elsa Haag regarding a final extension request up to and including August 23rd. Attorney Haag replied via email correspondence that the City did not oppose an extension of time to file the reply brief, up to and including August 23rd. Appellant Grimm sought an unopposed 30 day extension of time to file the reply brief. On July 26, this Honorable Court granted this unopposed extension request in part, setting the reply brief due for August 7. Because the City did not oppose a reply brief being filed on August 23rd, I do not believe there is any prejudice caused by a reply brief that was filed one minute out of time on August 8.

(5) *Courtesy of Counsel*: Neither I nor any of my co-counsel at the Digital Justice Foundation has ever opposed an extension request by an opposing counsel in any forum. We generally maintain a policy and practice of offering additional time—beyond the time requested—to opposing counsel as a matter of professionalism, courtesy, and in the interest of matters being decided on the merits.

8

I would gladly assent on behalf of my client to reciprocal extensions—and have offered to jointly move in situations where my opposing counsel was concerned an extension would not be granted. As a nonprofit counsel, I strongly believe that cases should be decided on their merits.

    I hereby declare that the above statements that I made in this Declaration are true to the best of my knowledge and belief, and that I understand that these statements are made for use in a court proceeding and are subject to penalty for perjury.

Date: August 14, 2024                      Respectfully submitted,

                                                 */s/ Gregory Keenan*
                                                 Gregory Keenan

## CERTIFICATE OF COMPLIANCE

This filing contains **1,113** words counted toward the word count.

This filing was prepared in Microsoft Word using Times New Roman 14-point font.

Date: August 14, 2024               Respectfully submitted,

*/s/ Gregory Keenan*
Gregory Keenan

## CERTRTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Date: August 14, 2024               Respectfully submitted,

*/s/ Gregory Keenan*
Gregory Keenan